# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.G., by and through her Guardian Ad Litem, KARA GOAN,<br><br>                Plaintiff,<br><br>v.<br><br>ALPINE UNION SCHOOL DISTRICT,<br><br>                Defendant. | Case No. 24-cv-0220-BAS-MSB<br><br>**ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM (ECF No. 6)** |

      Plaintiff D.G., a minor, brings this suit against the Alpine Union School District ("the District") under the Individuals with Disabilities Education Act. Kara Goan ("Goan"), D.G.'s parent, seeks to be appointed as D.G.'s guardian ad litem in this case. The District has not filed any opposition to this request. (*See* ECF No. 8 (ordering a deadline for the District to file an opposition, which has since passed).) For the reasons stated below, D.G.'s motion to appoint Kara Goan as guardian ad litem is **GRANTED**.

      D.G. is eight years old and a student in the District. (ECF No. 1.) Goan is D.G.'s guardian and parent. (ECF No. 6 ¶ 4; ECF No. 1 ¶ 5.) The District is a public school district that is located within San Diego County, where D.G. and Goan also reside. (ECF No. 1 ¶¶ 4–6.) D.G. alleges she qualifies for special education under the primary disabling condition of orthopedic impairment and a secondary eligibility category of speech and/or language impairment. (*Id.* ¶ 7.) D.G. was also diagnosed with cerebral palsy and "has

behaviors consistent with ADHD." (*Id.*) This case is an appeal of an administrative decision and primarily concerns conflicts between D.G. and the District regarding an appropriate individualized education plan for D.G. that creates an environment and program where D.G. can flourish. D.G. also seeks recovery of attorneys' fees and costs under 20 U.S.C. § 1415. (*Id.* ¶¶ 50–52.)

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 17(c)(2) requires that "[t]he court [] appoint a guardian ad litem . . . to protect a minor or incompetent person who is unrepresented in an action." An individual's capacity to sue is determined by the law of his domicile. Fed. R. Civ. P. 17(b)(1). Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. §§ 6500, 6601. A court may appoint a guardian ad litem to represent a minor's interests in litigation. Cal. Civ. Proc. § 372(a).

The decision whether to appoint a guardian ad litem is "normally [] left to the sound discretion of the trial court," and the main consideration for the court is protection of the minor's interests. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804–05 (9th Cir. 1986). In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Civ. Proc. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Superior Court*, 54 Cal. Rptr. 3d 13, 23 (Cal. Ct. App. 2007) (citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* In other words, the parent's and child's interests must run in parallel.

## II. ANALYSIS

D.G. is under the age of eighteen and therefore a minor under California law. Cal. Fam. § 6502. As a minor, her ability to bring suit is contingent upon the appointment of a

guardian ad litem.  Goan may serve as D.G.'s guardian ad litem so long as it would protect D.G.'s interests.  The docket shows D.G. as the sole plaintiff here and the Complaint does not assert any claims on Goan's behalf.  (*See generally* ECF No. 1.)  The Complaint primarily seeks injunctive and equitable relief.  (*Id.* ¶¶ 46–49.)  While the Complaint seeks monetary damages, it appears D.G. only seeks them to reimburse expenses Goan has already incurred in addressing D.G.'s needs, but not to otherwise enrich Goan.  (*Id.* ¶ 42.2.)  Thus, to the extent D.G. seeks monetary claims, they "arise from and are ancillary to" her attempts to ensure she receives adequate and appropriate care.  *J. T. v. Antioch Unified Sch. Dist.*, No. 18-CV-02992-EMC, 2018 WL 4334603, at *2 (N.D. Cal. Sept. 11, 2018).  D.G. also seeks recovery of attorneys' fees and costs incurred to pursue this action (ECF No. 1 ¶¶ 50–52).  As pled, the relief sought in this case focuses entirely on D.G.'s educational experience.

Therefore, on these facts, the Court does not find a conflict between Goan's and D.G.'s interests that would preclude Goan from acting as D.G.'s guardian ad litem.  Of course, if a conflict becomes apparent, the Court reserves the right to appoint an independent guardian ad litem in the future.

### III.  CONCLUSION

In accordance with the above, the Motion to Appoint Kara Goan as Guardian Ad Litem is hereby **GRANTED**.  (ECF No. 6.)

**IT IS SO ORDERED.**

**DATED: April 16, 2024**

Hon. Cynthia Bashant
United States District Judge