# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. G., by and through her Guardian Ad Litem, KARA GOAN,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ALPINE UNION SCHOOL DISTRICT,<br><br>　　　　　　　　　　　　Defendant. | Case No. 24-cv-0220-BAS-MSB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL (ECF No. 18)** |

　　　　Plaintiff D.G. (a minor), by and through her guardian *ad litem*, Kara Goan, filed a complaint seeking a reversal of a hearing decision from the State of California's Office of Administrative Hearings ("OAH"), pursuant to the Individuals with Disabilities Education and Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Now, accompanying her Motion for Summary Judgment, Plaintiff has filed a motion to seal the official administrative record of that hearing in order to protect her privacy. (Mot., ECF No. 18.) Plaintiff has lodged the unredacted administrative record with the Court to review in advance of this motion. (ECF No. 19.) Defendant does not oppose Plaintiff's motion to seal the record. Upon consideration of the motion, the Court **GRANTS** Plaintiff's motion to file the OAH record under seal for the reasons set forth below. (ECF No. 18.)

## I. LEGAL STANDARD

When it comes to court records, courts adhere to a strong presumption in favor of public access. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (citation omitted)); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) ("The presumption of access is based on the need for federal courts, although independent . . . to have a measure of accountability and for the public to have confidence in the administration of justice." (citation omitted)).

Thus, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption of access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The heft of that burden depends on the type of motion tied to the documents sought to be sealed. When the related information is more than "tangentially related to the merits of the case," the more rigorous "compelling reasons" standard applies. *Chrysler*, 809 F.3d at 1096–98, 1102. If the related information is not more than tangentially related to the merits of the case, the more relaxed "good cause" standard applies. *Id.* at 1096–98.

## II. ANALYSIS

Because the administrative record is more than tangentially related to the merits of the case, the Court applies the compelling reasons standard. Under this standard, "the [moving] party must articulate compelling reasons [to seal a document] supported by specific factual findings." *Kamakana*, 447 F.3d at 1178 (citation omitted). These compelling reasons must "outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citation omitted).

Plaintiff seeks to seal the record from the OAH hearing "in order to protect Plaintiff's privacy," because the record contains "the medical, disability, and educational records of

a minor." (Mot. at 2–3.) Plaintiff also contends that the information contained within the record is personally identifiable information and therefore its release would violate the Family Educational Rights and Privacy Act, which "prohibits federal funding of an education institution that 'has a policy or practice of releasing, or providing access to, any personally identifiable information in education records' without the written consent of the student, a lawfully issued subpoena, or a judicial order." (*Id.* (citing 20 U.S.C. § 1232g(b)(2).) The term "personally identifiable information" means information "that, alone or in combination is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3.

Here, Plaintiff provides compelling reasons to seal the OAH record. The OAH record contains references to the physical disability, learning disability, private educational records, and personally identifiable information of a minor and should therefore be protected. *See, e.g.*, *D.L. by & Through Lazaro v. Poway Unified Sch. Dist.*, No. 19-CV-0780-GPC-RBB, 2019 WL 13267084, at *2 (S.D. Cal. Nov. 1, 2019) (granting a similar application as the one at hand). Such material is "largely protected from public disclosure by both federal and state law." *J.M. v. Oakland Unified Sch. Dist.*, No. 17-CV-04986-HSG, 2018 WL 6574190, at *8 (N.D. Cal. Dec. 13, 2018).

The prohibited references here, moreover, are "too numerous to redact," *A.B. ex rel. W.F.B. v. San Francisco Unified Sch. Dist.*, No. C 07-4738 PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007), "as the administrative record is voluminous," *E.M.*, No. 19-cv-00689-JM-MSB, at *2. In the instant case, the administrative record comprises over 3,000 pages and it repeatedly identifies Plaintiff by name in addition to discussing sensitive details pertaining to Plaintiff's educational development.

Therefore, the Court finds that it is appropriate to seal the OAH record in this matter. *See G.R. v. Del Mar Union Sch. Dist.*, No. 19-cv-132-AJB-MSB, at *1 (S.D. Cal. August

12, 2019) (sealing record of a due process hearing before OAH); *T.B. v. San Diego Unified Sch. Dist.*, No. 08-cv-0028-MMA-WMC, at *2 (S.D. Cal. August 17, 2009) (same).

### III.   CONCLUSION

The Court **GRANTS** Plaintiff's motion to file the entire OAH record under seal. (ECF No. 18.)

**IT IS SO ORDERED.**

DATED: February 26, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court