1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11 D. G., by and through her Guardian Ad Litem, KARA GOAN, | Case No. 24-cv-0220-BAS-MSB |
| 12 | |
| 13            Plaintiff, | **ORDER GRANTING:** |
| |   1. **PLAINTIFF'S MOTION TO** |
| 14    v. |      **SUPPLEMENT THE RECORD** |
| 15 ALPINE UNION SCHOOL DISTRICT, |      **(ECF No. 24), AND** |
| |   2. **MOTION FOR EXTENSION** |
| 16            Defendant. |      **OF TIME (ECF No. 34)** |

17
18

19       This Order addresses two of Plaintiff's pending motions before the Court: (1) her

20 motion to supplement the record with a partial transcript from the administrative hearing

21 where the Administrative Law Judge ("ALJ") neglected to turn the official recording back

22 on (ECF No. 24), and (2) her motion to extend the deadline of her response to this Court's

23 order to show cause as to the foundation for and authenticity of that partial transcript (ECF

24 Nos. 31, 34). Defendant challenges whether Defendant has laid sufficient foundation to

25 authenticate the proposed partial transcript. (ECF Nos. 26, 25, 27.) Upon careful review

26 of the briefing and declarations, the Court **GRANTS** both motions for the following

27 reasons.

28

## I.    MOTION FOR EXTENSION OF TIME

Plaintiff moves for an extension of a deadline after that deadline has passed.  Thus, the standard is excusable neglect and not good cause.  Fed. R. Civ. P. 6(b)(1)(B); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (laying out the four factors for determining excusable neglect as "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith" (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).  Although Plaintiff cites to the incorrect standard in her motion, her counsel provides enough to establish excusable neglect under Rule 6.

The deadline for Plaintiff's response to this Court's Order to Show Cause was July 13, 2025, and Plaintiff missed that deadline. Plaintiff's counsel notes that her firm calendared the incorrect deadline for Plaintiff's response to the Order to Show Cause and that counsel was out of the country with limited internet access from June 21, 2025, through July 13, 2025.  (ECF No. 34-1 ¶¶ 11–12.)  Such a reason for missing a deadline falls squarely within the bounds of Rule 6 as it appears to be the result of an administrative oversight and not committed in bad faith.  Further, Defendant does not note that it is prejudiced by the three-day delay and does not note that this will cause any undue delay in proceedings. (*See* ECF Nos. 35, 37.)   Accordingly, Plaintiff's Motion to Extend is **GRANTED**.

## II.    MOTION TO SUPPLEMENT THE RECORD

Plaintiff moves to supplement the record with a partial transcript of Plaintiff's recording of a hearing before the ALJ.  (ECF No. 24.)  Plaintiff brings this case under the Individuals with Disabilities Education Act.  Under this act, the court may permit such supplementation of the record where the record is incomplete due to some mechanical failure.  *See Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993).  To warrant inclusion, such additional evidence must be "relevant, non-cumulative, and

24cv0220

otherwise admissible." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Off. of Admin. Hearings*, 652 F.3d 999, 1006 (9th Cir. 2011).

The Court initially indicated the transcript as submitted was inadmissible due to Plaintiff's failure to lay foundation for or authenticate it, but was otherwise relevant and non-cumulative. (ECF No. 31.) The Court provided Plaintiff the opportunity to lay the appropriate foundation to authenticate it. (*Id.*) Plaintiff's latest submission is her attempt to do so. (ECF No. 35.) Without bringing any evidence of its own or citing any caselaw, Defendant argues that Plaintiff has not authenticated the partial transcript sufficiently to lay a foundation for its admission into evidence. (ECF No. 37 at 1.) The Court finds Plaintiff's response sufficiently lays foundation for and authenticates the transcript despite Defendant's protestations.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). This burden is "not high." *United States v. Recio*, 884 F.3d 230, 236 (4th Cir. 2018); *see also United States v. Ceballos*, 789 F.3d 607, 618 (5th Cir. 2015) (characterizing the proponent's burden as "low").

A document can be authenticated through a witness with personal knowledge— someone who "wrote it, signed it, used it or saw others do so." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002). A document can also be authenticated by the "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." Fed. R. Evid. 901(4). Where evidence that a piece of evidence is what it claims to be is "undisputed," the court has "sufficient foundation to admit [it]." *United States v. Brannon*, 616 F.2d 413, 416 (9th Cir. 1980); *see also Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 974 (2d Cir. 1985) ("Where, as here, no well-founded accusation of impropriety or inaccuracy is made, testimony as to authentication is sufficient.").

The Court is satisfied that Plaintiff meets her burden to lay foundation for and authenticate the partial transcript. Plaintiff's counsel, Meagan Nuñez, attests that she

represented Plaintiff at the hearing in question before the Office of Administrative Hearings and recorded the "totality" of the hearing. (ECF No. 24-4 ¶¶ 3–4.) She further attests that on that day, September 6, 2023, the ALJ inadvertently failed to resume audio recording the hearing for approximately thirty-five minutes, creating a gap in the official transcript. (*Id.* ¶ 6.) Ms. Nuñez was present at the hearing during this time of the missing recording and attests that the partial transcript is a true and correct recording of the thirty-five minutes of dialogue missing from the official transcript. (ECF No. 34-1 ¶¶ 2, 9.) By this point Ms. Nuñez attests to enough to assure the Court that the partial transcript "is what the proponent claims it is." Fed. R. Evid. 901. Nonetheless, Plaintiff's motion is further bolstered by Defendant's response. While Defendant's response challenges Ms. Nuñez's lawyering, it does not, in fact, challenge the authenticity of the partial transcript itself. (ECF No. 37 at 2.)[1] Therefore the partial transcript's authenticity is undisputed, and it is admissible. *See Brannon*, 616 F.2d at 416.

Accordingly, Plaintiff's Motion to Extend is hereby **GRANTED** and her Motion to Supplement the Record is hereby **GRANTED**.

**IT IS SO ORDERED.**

**DATED: July 25, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

---

[1] On this front, the Court directs counsel for Defendant to this Court's Standing Order for Civil Cases Section 15, which requires courtesy and respect "at all times, in all settings," as well as Civil Local Rule 2.1(a), which notes that "[a]lthough adversarial, the experience [of the adversarial system] does not have to, and should not, be antagonistic or hostile." (*Compare* ECF No. 37 (characterizing Plaintiff's counsel's declaration as a "careful[] attempt[] to skirt around the failure to offer sufficient sworn facts" and as "suspicious," yet offering no evidence to contradict the authenticity of a transcript for a hearing Defendant's counsel herself attended and recorded), *with* CivLR 2.1(a)(3)(a) ("We expect lawyers to address legal arguments with other lawyers professionally, and not personally.").)

24cv0220